Robert K. Meyer, OSB #086470
robert@oregonworkplacelaw.com
Talia Y. Guerriero, OSB #115271
talia@oregonworkplacelaw.com
Meyer Stephenson
1 SW Columbia, Suite 1850
Portland, OR 97204
Phone: (503) 459-4010
Fax: (503) 914-1461

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PATRICK DAVIS**, | COMPLAINT |
| Plaintiff, | (Oregon Sick Leave - ORS 653.641; Wrongful Discharge in Violation of Public Policy;) |
| v. | |
| **GUITAR CENTER STORES, INC.,** a foreign business corporation, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

**Nature of the Action**

1)

Plaintiff brings this employment discrimination action for monetary relief, damages, costs, punitive damages and attorney fees for himself to redress injuries done to him by Guitar Center Stores, Inc. ("Defendant" or "Guitar Center") or officers, employees or agents of said Defendant in contravention his state protected rights in violation of the Oregon Sick Leave Law, ORS 653.641 and for wrongful discharge in violation of public policy.

**Jurisdictional Allegations**

2)

The court has jurisdiction over Plaintiff's claims based on diversity of citizenship under 28 U.S. Code § 1332 as Plaintiff and Defendant are citizens of different States and the amount in controversy exceeds $75,000.

3)

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

4)

Plaintiff filed timely claims with Oregon's Bureau of Labor and Industries ("BOLI") raising the issues alleged herein.  BOLI issued a Notice of Substantial Evidence Determination of a violation of ORS 653.641 and issued a notice of right to sue. Plaintiff has timely filed this matter and has exhausted administrative procedures on these claims.

**General Factual Allegations**

5)

Plaintiff is a resident of Clackamas County, Oregon.

6)

Defendant Guitar Center is a foreign business corporation with its principal place of business in California that conducts regular and sustained business in Multnomah and Clackamas counties. At all material times, Defendant employed over 15 employees and was Plaintiff's employer as defined in ORS 659A.001.

7)

Defendant hired Davis as a Sales Associate in its Clackamas store on or around November 2, 2016.  Davis was a top salesman.

8)

At all material times herein, Davis was supervised by Defendant's employees or agents, including David LiaBraaten, and Davis relied on the actual or apparent authority of Defendant's employees, supervisors and management.

9)

On or around September 9, 2018, Davis requested and utilized leave for serious health conditions. Davis returned to work on September 10 and 11, 2018 but confirmed that he had bronchitis and went into the store on September 12, 2018 to inform Defendant. LiaBraaten told him that he could not return to work until he could "prove" that he had bronchitis with a doctor's note, even though Davis had not yet been out of work sick for three days.

10)

Davis' car broke down while he was sick and he could not work on it. Davis could not get ahold of a colleague who could help him by telephone so he went into the store to find him. LiaBraaten got extremely angry at Davis, stating that he had to leave the store and he had "left them hanging out to dry" during his absence.

11)

Davis provided a doctor's note and returned to work on or around September 16, 2018. LiaBraaten came in on his day off and immediately received a Final Written Warning for attendance, which stated that "Patrick's unreliable attendance makes it impossible for managers to schedule the floor effectively [. . .]." LiaBraaten told Davis that he would be terminated immediately if he was late or missed any days of work and that he would do everything he could to fire him. Upon information and belief, other employees have been late and absent more often than Davis and were not disciplined.

12)

LiaBraaten told other employees that Davis had "faked" the doctor's note and that he had already hired a replacement for Davis.

13)

On September 25, 2018, LiaBraaten emailed the Clackamas store to notify them that Davis was no longer an employee. Defendant told Davis that he was terminated for concealing merchandise when he placed guitar picks in his pocket to move them around the store, which was commonly done by employees.

/ / /

14)

Backtracking, Defendant reinstated Davis to employment but then told him that he was under investigation for alleged wrongdoing and placed him on leave involuntarily. Defendant then put Davis back to work and never substantiated the alleged wrongdoing.

15)

After Davis returned to work, Defendant subjected Davis to heightened scrutiny and encouraged co-workers to entrap and report Davis.

16)

Davis requested and utilized sick leave on November 11, 2018. On November 13, 2018, Defendant terminated Davis's employment, causing him significant emotional distress and economic hardship. Defendant's alleged reason for the termination was pretextual and Defendant did not discipline or terminate other employees for similar behavior.

**First Claim for Relief**

**ORS 653.641 - Oregon's Sick Time Law Denial, Interference, Discrimination, or Retaliation**

17)

Plaintiff realleges the paragraphs above as fully set forth herein.

18)

At all relevant times, Plaintiff qualified for sick time under ORS 653.616.

19)

Plaintiff invoked a need for, utilized and/or attempted to utilize leave that was protected sick time leave under Oregon law.

20)

As set forth above, Defendant denied, interfered with, discriminated and/or retaliated against Plaintiff for invoking, utilizing and/or attempting to utilize protected sick time by taking adverse employment actions against Plaintiff, including issuing Plaintiff multiple write-ups, investigations, suspensions, false allegations, and terminations.

21)

As a result of Defendants' unlawful conduct, Plaintiff has incurred and continues to incur

lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to a non-pecuniary loss in an amount to be determined at trial. Plaintiff also seeks his attorneys' fees and costs pursuant to ORS 659A.885.

## Second Claim for Relief

## Wrongful Discharge in Violation of Public Policy

22)

Plaintiff realleges the paragraphs above as though fully set forth herein.

23)

At all materials times, the public policy of Oregon prohibited an employer from retaliating against an employee for inquiring about and/or invoking his rights and/or utilizing and/or attempting to utilize the protected medical leave. This public policy is embodied in the common law, statutes, and regulations of the State of Oregon and the United States protecting the public and employees including, but not limited to: ORS 653.641 and 653.616.

24)

Defendants, through their agents and/or employees, violated the above public policies by denying, failing to provide, interfering with, discriminating and retaliating against Plaintiff for inquiring about and/or invoking his rights and/or utilizing and/or attempting to utilize protected medical leave.  The discharge was unlawful and in violation of the public policy of the State of Oregon.

25)

Defendant's discharge of Plaintiff was in retaliation for Plaintiff's pursuit and exercise of Plaintiff's rights related to Plaintiff's role as an employee, which rights are of important public interest.

26)

Plaintiff re-alleges damages, injunctive relief, costs, and attorneys' fees as stated in the paragraphs above. As a result of Defendants' unlawful conduct, Plaintiff has incurred and

continues to incur lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to a non-pecuniary loss in an amount to be determined at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.   For permanent injunctive relief enjoining Defendant from engaging in any unlawful employment practice;

2.   Economic damages and future losses to be determined at trial;

3.   Non-economic damages to be determined at trial;

4.   Punitive damages in an amount to be determined at trial;

5.   Reasonable costs and attorney fees; and

6.   For such other and further relief as the Court may deem just and equitable.

DATED this 6th day of March.

s/Robert K. Meyer

Robert K. Meyer, OSB No. 086470
Talia Y. Guerriero, OSB No. 115271
Of Attorneys for Plaintiff